KRUPANSKY, Plaintiff-Appellant, v. MENENDIAN, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 6051.  Decided July 14, 1959.

Blanche Krupansky, Cleveland, for plaintiff-appellant.
Robert E. Potts, Columbus, for Raymond A. Menendian, K. A. Menendian, Inc., defendant-appellee.
Simon P. Dunkle, Columbus, for F. G. & A. Howald Company, defendant-appellee.

(SKEEL, J, of the Eighth District, sitting by designation in the Tenth District.)

## OPINION

Per CURIAM.
This is an appeal on questions of law.  In the court below, Blanche Krupansky, plaintiff-appellant, was awarded the judgment of $850 and interest against K. A. Menendian, Inc., for damages allegedly done to an oriental rug while it was being mothproofed.  There were two other defendants, but Raymond A. Menendian as an individual was dismissed upon motion of plaintiff and the F. G. & A. Howald Company was freed of liability by the jury, no damages being awarded from it in favor of Miss Krupansky.

The jury in the court below in holding K. A. Menendian, Inc. liable in its general verdict allowed Miss Krupansky $850 plus interest and costs.  The answer to the special interrogatories established that Miss Krupansky's rug was damaged and that the damage was caused by K. A. Menendian, Inc.  Further, that the rug had a market value of $850 at the time it was turned over to K. A. Menendian, Inc. but that it had no market value when it was re-delivered to Miss Krupansky, and that the damage took place during the mothproofing.  Miss Krupansky had asked for $3,500 damages.

In ruling upon the motion for a new trial, the court below sustained the motion unless Miss Krupansky agreed to accept either $350 and interest as damages with the right to retain the damaged rug or, in the alternative, that Miss Krupansky accept $850 and interest as damages and surrender the damaged rug to K. A. Menendian, Inc.

Plaintiff assigned as error the granting of the motion for a new trial claiming it was an abuse of discretion; also it was substitution of the court's judgment for that of the jury, claimed to be an abuse of discretion; weighing the evidence and substituting the court's judgment for that of the jury, claimed to be an abuse of discretion, and two other grounds based upon the granting of a new trial.

We feel that the assignments are well taken, should be sustained and that the motion for a new trial should be and hereby is overruled and judgment entered in favor of plaintiff-appellant as found by the jury together with costs of the case.

BRYANT, PJ, DUFFY and SKEEL, JJ, concur.